The bill of complaint prays specific performance of an agreement made between the complainant and the defendant on the 30th day of January, 1912, whereby the railroad company agreed to maintain a certain existing siding and trestle from its railroad to the property of the complainant, the location and extent of which siding and trestle is more particularly shown on a plan attached to the agreement. The agreement by its terms shall continue in force so long as the complainant shall continue to receive or ship from said siding and trestle reasonable quantities of freight or coal, "and when in the opinion of the party of the first part [the defendant] such reasonable quantities of freight or coal are not received *Page 165 
at or shipped from said siding or trestle as to justify it in the expense of maintaining its portion of the same" it may"declare" the agreement at an end without being liable for damages. The defendant has not declared the agreement at an end, but takes the position that it can no longer perform same because of an order of the Board of Public Utility Commissioners directing the elimination of certain grade crossings.
On the filing of the bill an order to show cause was issued containing pendente lite restraint against defendant from refusing to deliver cars, coal and coal products to complainant over the siding and trestle and from refusing to continue the shipment of coal and coal products and from taking any steps to cut the connection between the trestle and siding and the main line of defendant's railroad.
Defendant in obedience to the aforesaid order of the Board of Public Utility Commissioners of this state directing the elimination of certain grade crossings in the city of Elizabeth is about to remove the connection between its tracks and complainant's trestle.
The matter is now before me on the return of the order to show cause, and by the proof now before me it appears that the complainant heretofore petitioned the Board of Public Utility Commissioners under section 16 (k), P.L. 1911 ch. 195.
Under that section of the act the Board of Public Utility Commissioners has the power to direct the railroad company to "maintain and operate, upon reasonable terms, a switch connection with any private side-track, which may be constructed by any shipper to connect with the railroad or street railway where, in the judgment of the board, such connection is reasonable and practicable, and can be put in with safety, * * *." The Board of Public Utility Commissioners, of course, did not possess jurisdiction to specifically enforce the contract and so held, but found, however, that the proofs did not meet the statutory conditions; that in order to provide the siding facilities in any practical way, an expenditure of approximately $38,000 would be required; that the applicant's business during the past five years has gradually decreased and that there would not be sufficient *Page 166 
business to justify the construction and maintenance of the siding.
The power of the Board of Public Utility Commissioners to order the elimination of grade crossings by virtue of P.L. 1913ch. 57, as amended P.L. 1930 ch. 101, is not, nor can it be questioned. Erie Railroad Co. v. Public Utility Commissioners,89 N.J. Law 57; affirmed, 90 N.J. Law 672. What complainant contends is that the proofs create such an issue of fact, as to whether or not the threatened action on the part of the defendant is, or is not necessary to its compliance with the order of the Board of Public Utility Commissioners as to call for the interposition of the court by injunction pendente lite. The proofs fail to create such an issue.
Moreover, the obligation thus imposed on the defendant railroad company by the order of the Board of Public Utility Commissioners is paramount to the conflicting one existing by virtue of a prior contract with complainant to maintain a switch and siding, and the latter contract will not be specifically enforced in equity.Swift v. Delaware, Lackawanna and Western Railroad Co.,66 N.J. Eq. 34; affirmed, Ibid. 452.
Again, while complainant in its bill suggests, and in the argument of counsel offers to take in substitution for the right which it now claims, an elevated switch and siding, the bill is one for the specific performance of the contract to maintain the present switch and siding, and as the decree can only compel the performance of the contract as made, no decree for a trestle and siding on any substantially different or other location or grade could go by way of substitution, except by consent of all parties. Swift v. Delaware, Lackawanna and Western RailroadCo., supra.
Preliminary injunction denied. *Page 167